UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

JAGTAR CHADHA,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

20 Cr. 512 (VB)

WHEREAS, on or about September 29, 2020, JAGTAR CHADHA (the "Defendant"), was charged in a one-count Information, 20 Cr. 512 (VB) (the "Information"), with trafficking in counterfeit goods, in violation of Title 18, United States Code, Sections 2320 and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2323(b), of any and all articles made or trafficked as part of the commission of the offense charged in Count One of the Information; any and all property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the commission of the offense charged in Count One of the Information; and any and all property used, or intended to be used, in any manner or part to commit, or facilitate the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, in or about June 2017, the Government seized the following property while it was in transit to be delivered to the Defendant in Hicksville, New York: 4800 counterfeit Logic Customer Unit Volume ("CUV") packages ("Seized Property-1");

WHEREAS, on or about September 5, 2019 the Government seized the following property from the Defendant:

    a. Approximately 2,654 Logic CUVs, 1,503 JUUL CUVs, and 3,645 units of misbranded drugs, which were seized from the Defendant's store in New York, New York;

    b. Approximately 69 Logic CUVs, 608 JUUL CUVs, and 49 units of misbranded drugs which were seized from the Defendant's warehouse in Hicksville, New York; and

    c. Approximately 600 counterfeit Logic CUVs and 192 JUUL CUVs which were seized from the Defendant's vehicle in Merrick, New York;

(a. and b., the "Seized Property-2", together with the Seized Property-1, the "Specific Property");

WHEREAS, on or about January 9, 2021, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 2323(b): (i) a sum of money equal to $431,447 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information ; and (ii) all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $431,447 in United States currency representing the amount of proceeds traceable to offense charged in Count One of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute articles made or trafficked as part of the commission of the offense charged in Count One of the Information;

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property /Money Judgment is final as to the Defendant, JAGTAR CHADTA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service shall be authorized to deposit the payment on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service or its designee, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific

Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____          10-1-21
    COURTNEY HEAVEY                           DATE
    Assistant United States Attorney
    300 Quarropas Street
    White Plains, NY 10601
    (914) 993-1927/(212) 637-2490


JAGTAR CHADHA

By: _____          10-1-21
    JAGTAR CHADHA                            DATE

By: _____          10.1.21
    CHARLES CURLETT, Jr., ESQ.               DATE
    Attorney for Defendant
    25 South Charles Street, 21st Floor
    Baltimore, MD 21201


SO ORDERED:

_____              10/1/2021
HONORABLE VINCENT L. BRICCETTI              DATE
UNITED STATES DISTRICT JUDGE